**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **THERESA MARIE** | § | |
| **BLACKWOOD-WALKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00457-O-BP** |
| | § | |
| **THE UNITED STATES AIRFORCE,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court are the complaint that Plaintiff Theresa Marie Blackwood-Walker filed on April 25, 2025, and her answers to the Court's Questionnaire filed on June 3, 2025. ECF Nos. 1 and 9, respectively. This case was automatically referred to the undersigned pursuant to Special Order 3 on April 25, 2025. ECF No. 2. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This is a civil rights action in which Blackwood-Walker sues the United States Air Force. ECF No. 1. Her complaint is unintelligible and states no claim against the Air Force except for vague references to "sewer bacterial while pregnant-raped" in 1987 and a list that includes "double jeopardy," "illegeal [sic] sieze [sic] at 2:00 while sleeping," "illegal made-up law charges," "raped by guard – forced," and "made to dig with hanger in a sanitary sewer while being discharged wearing a dress." ECF No. 1 at 3-4. In her response to the Court's Questionnaire, Blackwood-Walker did not provide any additional information regarding her

claim against the Air Force. *See* ECF No. 9. In her most recent filing, a letter filed on September 29, 2025, Blackwood-Walker asks that the Court expedite consideration of her case, but she does not provide any additional facts that the Court could consider in her claim against the Air Force. *See* ECF No. 14.

Under Title 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32.  Blackwood-Walker's allegations and recitations of facts in the pending complaint, response to the Court's Questionnaire, and other filings fall within this category of claims.  *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

To the extent that Blackwood-Walker alleges a claim for tort liability or civil rights violations due to personal injuries that occurred in 1987, the time for filing such a claim has long passed. The statute of limitations for tort claims and for claims for civil rights violations in Texas under 42 U.S.C. § 1983 is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Moore v. McDonald*, 30 F.3d 616,620 (5th Cir. 1994).

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** this case

**WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i). Blackwood-Walker fails to state a claim upon which relief can be granted, and the complaint rests on delusional scenarios.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on October 1, 2025.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE